

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

MORTENSEN CONSTRUCTION
AND UTILITY, INC.                                          PLAINTIFF

V.                          CIVIL ACTION NO. 3:09cv605 TSL-JCS

GRINNELL MUTUAL
REINSURANCE COMPANY                                        DEFENDANT

### NOTICE OF REMOVAL OF CIVIL ACTION
### TO THE UNITED STATES DISTRICT COURT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant, Grinnell Mutual Reinsurance Company, appears for the purpose of presenting this Notice of Removal of the cause described below from the County Court of the First Judicial District of Hinds County, Mississippi, to the United States District Court for the Southern District of Mississippi, Jackson Division, pursuant to 28 U.S.C. §§1332, 1441, and 1446, and states as follows:

### I. JURISDICTION AND VENUE

1. The above styled action was original commenced by the Plaintiff, Mortensen Construction and Utility, Inc., on or about September 3, 2009, by the filing of a Complaint in the County Court of the First Judicial District of Hinds County, Mississippi, styled

"Mortensen Construction and Utility, Inc. vs. Grinnell Mutual Reinsurance Company", bearing cause no. 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-COV.

2. This Court has jurisdiction over this matter, and this matter is properly removed to this Court, pursuant to 28 U.S.C. §1332, 28 U.S.C. §1441, and U.S.C. §1446.

3. The United States District Court for the Southern District of Mississippi, Jackson Division, is the proper venue for this matter since the matter is removed from the County Court of the First Judicial District of Hinds County, Mississippi.

4. Thirty (30) days or less, as calculated under applicable law has elapsed since the removing Defendant was served with process in this matter, and this removal has been accomplished within one (1) year after commencement of the action so as to be timely within the provisions of 28 U.S.C. §1446(b).

## II. DIVERSITY OF CITIZENSHIP AND JURISDICTION

5. This action is properly removed to this Court pursuant to U.S.C. §§1332 and 1441, since the proper parties to this matter are of entirely diverse citizenship, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Plaintiff is a corporation organized and existing under the laws of the State of Minnesota and which has its principal place of business in the State of Minnesota.

7. Defendant, Grinnell Mutual Reinsurance Company is a corporation organized and existing under the laws of the State of

Iowa and which has its principal place of business in the State of Iowa.

8. The amount in controversy, based on Plaintiff's Complaint, exceeds $75,000, exclusive of interest and costs.

9. Accordingly, this civil action is one in which this Court has original jurisdiction pursuant to U.S.C. §1332 since it is a civil action between citizens of different states with the amount in controversy in excess of $75,000, exclusive of costs and interest, and this action is thereby removed to this Court pursuant to U.S.C. §1441.

10. A copy of all pleadings previously filed in the County Court of the First Judicial District of Hinds County, Mississippi, and served upon the removing Defendant is attached hereto as Exhibit "A" to this pleading.

11. Pursuant to U.S.C. §1446, Plaintiff, through counsel, is being provided with a copy of this Notice of Removal, and a copy of this Notice of Removal is being filed with the Clerk of the County Court of the First Judicial District of Hinds County, Mississippi.

12. Pursuant to this removal and the clear provisions of U.S.C. §1446, there should be no further proceedings in the County Court of the First Judicial District of Hinds County, Mississippi.

WHEREFORE, the above premises considered, Defendant requests that this Court properly assume full jurisdiction over this matter as provided by law.

This, the 8th day of October, 2009.

                Respectfully submitted,

                GRINNELL MUTUAL REINSURANCE COMPANY
                Defendant

                By: _____
                    WILLIAM H. CREEL, JR. (MB# 8673)
                    JOSEPH W. GILL (MB#102606)

OF COUNSEL:

CURRIE JOHNSON GRIFFIN GAINES & MYERS, P.A.
1044 River Oaks Drive
P. O. Box 750
Jackson, Mississippi 39205-0750
Telephone: (601) 969-1010
Facsimile: (601) 969-5120

## CERTIFICATE OF SERVICE

I, the undersigned counsel, do hereby certify that I have this day served a true and correct copy of the above and foregoing instrument by causing a copy of same to be mailed, postage prepaid, to the following counsel of record at the address shown:

    William B. Jacob, Esq.
    Self, Jacob & Kieronski, LLP
    P. O. Box 949
    Meridian MS 39302-0949

    Barbara Dunn
    Hinds County Circuit Clerk
    P. O. Box 327
    Jackson, MS 39205-0327

THIS the _____ day of October, 2009.

                _____
                WILLIAM H. CREEL, JR.

IN THE COUNTY COURT OF THE FIRST JUDICIAL
DISTRICT OF HINDS COUNTY, MISSISSIPPI

**MORTENSEN CONSTRUCTION AND UTILITY, INC.**              PLAINTIFF

VS.                                              CAUSE NO. 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-COV

**GRINNELL MUTUAL REINSURANCE COMPANY**                     DEFENDANT

### CIRCUIT CLERK'S CERTIFICATE

I, the undersigned Barbara Dunn, Circuit Clerk of the First Judicial District of Hinds County, Mississippi, do hereby certify that the attached papers are true and correct copies of all papers filed in the above styled cause, which is Cause No. 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-COV, pending in the County Court of the First Judicial District of Hinds County, Mississippi, in which Mortensen Construction and Utility, Inc. is the Plaintiff and Grinnell Mutual Reinsurance Company is the Defendant.

GIVEN UNDER MY HAND AND OFFICIAL SEAL OF OFFICE, this the 29th day of September, 2009.

BARBARA DUNN, CIRCUIT CLERK
HINDS COUNTY CIRCUIT COURT

By: _Bruper Tia Cassidy_ D.C.

EXHIBIT A

IN THE COUNTY COURT OF HINDS COUNTY, MISSISSIPPI

MORTENSEN CONSTRUCTION AND
UTILITY, INC.                                                                PLAINTIFF

VS.                                                                                    CAUSE NO. 09-5082

GRINNELL MUTUAL REINSURANCE COMPANY                      DEFENDANT

FILED
SEP 03 2009
BARBARA DUNN, CIRCUIT CLERK
                        D.C.

## COMPLAINT FOR DAMAGES

COMES NOW Mortensen Construction and Utility, Inc., by and through its owner, Dave Mortensen, and files this his Complaint for Damages, and would show unto the Court the following, to-wit:

1. The parties are:

A. Mortensen Construction and Utility, Inc., by and through its owner, Dave Mortensen, whose permanent address is 68953 Beavertail Road, Askov, Minnesota 55704, and who was performing work in Lauderdale County, Mississippi at all relevant times, Plaintiff;

B. Grinnell Mutual Reinsurance Company, whose address is 4215 Highway 146, Grinnell, Iowa 50112, Defendant.

## FACTS

2. On or about October 28, 2008, the Plaintiff herein was hired as an independent contractor to work for Deviney Construction in performing certain construction activities AT&T. This construction work was to be performed in Hinds County, Mississippi.

3. On or about February 12, 2009, certain damage was made to certain property owned by

1

AT&T. The aforesaid damage was discovered on February 16, 2009 wherein it was determined that damage to the outer sheath of a telephone line that was air pressurized had occurred and air loss resulted therefrom.

4. Upon discovering the damage, the Plaintiff herein reported same to AT&T, Deviney Construction and the insurance carrier, Defendant herein. The Defendant assigned the claim numbers for this damage MN00104078 and MN00103839.

5. AT&T demanded, through its primary contractor, Deviney Construction, that certain damages be paid. An itemization of these damages are attached hereto and incorporated herein by reference, as if copied in words and figures, as Exhibit "A". The total amount of damages was in the sum of $24,304.56.

6. The Defendant herein, upon reviewing the aforesaid claim, declined to pay same contending that the Plaintiff herein was not liable for the damage to AT&T's line. A copy of the denial of liability is attached hereto and incorporated herein by reference, as if copied in words and figures, as Exhibit "B".

7. Multiple attempts were made by the Plaintiff to have the aforesaid Defendant pay the above referenced claim and if the aforesaid damage was not caused by the Plaintiff, reimbursement would be obtained. This was especially true since AT&T had the ability to withhold from Deviney the aforesaid claim and likewise Deviney had the ability to withhold the aforesaid claim from the Plaintiff. Even after this contingency was presented to the Defendant, the Defendant continued to deny the aforesaid claim.

8. On or about May 18, 2009, Deviney Construction held from the Plaintiff the sum of $24,304.56 as evidenced by Exhibit "C" attached herein and incorporated herein by reference as if

copied in words and figures. AT&T had previously withheld the aforesaid amount from Deviney. Thus, the Plaintiff was required, involuntarily, to pay the aforesaid claim and the Defendant has refused to pay same to AT&T, Deviney Construction and/or the Plaintiff herein.

9. Even after the aforesaid information was provided to the Defendant herein on or about May 22, 2009, the Defendant has completely refused the aforesaid claim and has refused to do so in writing as evidenced by Exhibit "D" attached hereto and incorporated herein by reference as if copied in words and figures.

## COUNT ONE - NEGLIGENT FAILURE TO PAY

10. The Defendant herein had a duty to pay any damages caused by the Plaintiff in his line of endeavor. The Plaintiff herein became legally liable to pay the aforesaid damages upon the action of his prime contractor who withheld the funds covering said damage from the Plaintiff and the aforesaid general contractor had suffered the same aforesaid withholding of payment by the employer, AT&T.

11. The Defendant breached it duty to pay for the damages outlined in the aforesaid liability policy pursuant to their letter attached hereto as Exhibit "D".

12. As a result of the negligent action on the part of the Defendant for failing to pay its obligations to its insured, the Plaintiff has suffered damage in the primary sum of $24,304.56.

13. Additionally, the Plaintiff has suffered damage as a result of not being able to obtain the aforesaid operating capital which was earned by the Plaintiff which resulted in loss of profits and extreme hardship for the employees of the Plaintiff.

## COUNT TWO - FAILURE TO DEFEND

14. The Defendant had a duty to defend the Plaintiff in the aforesaid claim and to protect

the Plaintiff from damage as a result thereof.

15. The Defendant wholly and totally failed to defend and/or protect the Plaintiff and left the Plaintiff to absorb its damage notwithstanding the aforesaid policy of liability insurance.

16. As a direct and proximate result of the Defendant's failure to defend and protect, the Plaintiff suffered damages.

## COUNT THREE - PUNITIVE DAMAGES

17. The Defendant's willful and wanton disregard for its own policy and its own insured, has resulted in damage to the Plaintiff.

18. As a direct and proximate result of the aforesaid failure, punitive damages are herein sought.

## COUNT FOUR - ATTORNEY'S FEES

19. As a direct and proximate result of the Defendant's failure to comply with the policy of liability insurance, the Plaintiff has incurred attorney's fees. Further, the aforesaid fees would not have been incurred had it not been for the actions and/or inactions of the Defendant.

WHEREFORE, PREMISES CONSIDERED, your Plaintiff demands the following relief:

A. That a judgment be rendered against the Defendant in the sum of $24,304.56 representing the claim;

B. That a judgment be rendered against the Defendant for all sums of actual damage in excess of the judgment referenced hereinabove;

C. That a judgment be rendered against the Defendant for punitive damages in the minimum sum of $150,000.00;

D. That a judgment be rendered against the Defendant for all reasonable attorney's fees,

4

suit fees, expenses and the like;

Respectfully submitted, this the ___2nd___ day of ___September___, 2009.

_____
DAVE MORTENSEN, OWNER OF MORTENSEN
CONSTRUCTION AND UTILITY, INC.

SWORN to and SUBSCRIBED before me, this the ___2nd___ day of ___September___ 2009.

_____
NOTARY PUBLIC

MY COMMISSION EXPIRES:

_____

BY: _____
WILLIAM B. JACOB, ATTORNEY FOR
DAVE MORTENSEN, OWNER OF
MORTENSEN CONSTRUCTION AND
UTILITY COMPANY


WILLIAM B. JACOB
SELF, JACOB & KIERONSKI, LLP
Attorneys & Counsellors at Law
Post Office Box 949
Meridian, Mississippi 39302-0949
Telephone: 601/693-6994
Facsimile: 601/483-4935
MISSISSIPPI STATE BAR NO. 2977

5

 

# Claim For Damages



*Need Damage Report + Approval ASAP! Thanks, Mary*

To: DEVINEY CONSTRUCTION
P.O. BOX 6717
JACKSON, MS 39282-6717

Date: 03/03/2009
Page 1 of 1
Claim #: BLST-67-200902-24-0070-TLH

| | |
|---|---|
| Charges for Damages to: | AT&T SOUTHEAST (BELLSOUTH) FACILITIES |
| Occurred/Discovered On or About: | 02/16/2009 |
| Approximate Location: | MANHATTAN AT NORTHSIDE DR, JACKSON, MS |
| How Damage Occurred: | MORTENSEN CONST & UNTILITY ( A SUB OF THE MASTER CONTRACTOR DEVINEY ) DAMAGED THE OUTER SHEATH FRIDAY 2/13/09 OF A 1500 AIR PRESSURIZED CABLE. ON MONDAY 2/16/09 THE CABLE WAS DAMAGED AGAIN AND WHEN AIR WAS LOST THE LOAD COIL FILLED WITH WATER. |

The following amounts include direct and indirect costs covering repair of this damage including but not limited to personnel, equipment and vehicles.

| | |
|---|---:|
| LABOR COST: | $22,497.42 |
| MATERIALS: | $358.14 |
| CONTRACTOR: | $0.00 |
| LOSS OF USE: | $1,449.00 |
| OTHER: | $0.00 |
| TOTAL AMOUNT DUE: | $24,304.56 |

(**** PLEASE DO NOT PAY WITH TELEPHONE BILL ****)

Remit Payment to:
AT&T
909 Chestnut Street
Room 39-N-13
St. Louis, MO 63101-3099
** INQUIRIES 800-894-0374 or 800-363-3234 (FAX)

---

Return this section with payment

payment is due upon receipt. If payment is not received within 30 days further collection action will be taken. IF A PAYMENT FOR LESS THE FULL AMOUNT IS RECEIVED, IT WILL BE APPLIED AS A PARTIAL PAYMENT.

are covered by insurance, please forward this to your carrier for payment. Once your claim has been established with your insurance company, contact us at 800-894-0374 with your claim information, and we will work with your insurance company to resolve.

accepts checks, money orders or credit card payments. We do not accept cash. Please complete the information below and return to the address or you may call 800-894-0374 to pay by phone.

Credit Card number: _____     Three digit security number on back of card: _____

Name on Card: _____     Expiration Date: ___/___/___

Amount to be charged to your card: $_____     SIGNATURE: _____

Claim #: BLST-67-200902-24-0070-TLH     (Please write claim number on check or money order to ensure proper credit.)

EXHIBIT A

CLAIM NUMBER:   BLST-67-200902-24-0070

## TIME

| EMPLOYEE | DATE OF REPAIR | REG HRS | REG RATE | OVT HRS | OVT RATE | DBL HRS | DBL RATE | AMOUNT |
|---|---|---|---|---|---|---|---|---|
| JM | 02/16/2009 | 40.00 | 95.3279769 | 15.00 | 95.3279769 | | | $5,243.05 |
| AV | 02/16/2009 | 40.00 | 95.3279769 | 15.00 | 95.3279769 | | | $5,243.05 |
| MS | 02/16/2009 | 40.00 | 95.3279769 | 15.00 | 95.3279769 | | | $5,243.05 |
| TB | 02/19/2009 | | | 15.00 | 95.3279769 | | | $1,429.92 |
| BG | 02/19/2009 | | | 15.00 | 95.3279769 | | | $1,429.92 |
| MJ | 02/19/2009 | | | 15.00 | 95.3279769 | | | $1,429.92 |
| SW | 02/19/2009 | | | 15.00 | 95.3279769 | | | $1,429.92 |
| JM | 02/18/2009 | 8.00 | 95.3279769 | 3.00 | 95.3279769 | | | $1,048.59 |

**LABOR SUB-TOTAL** $22,497.42

## MATERIAL

| DESCRIPTION | QUANTITY | UNIT COST | AMOUNT |
|---|---|---|---|
| WIPES UTILITY TOWELS BX 125 | 5 | 4.0550400 | $20.28 |
| TROUBLE TICKETS-NCSC | 1 | 21.3700000 | $21.37 |
| NDC TROUBLE TICKET | 8 | 7.1800000 | $57.44 |
| XAGA 1650D4 CLOSURE | 1 | 154.4083200 | $154.41 |
| 710-SC1-25 GREEN CONNECTOR | 28 | 1.2988800 | $36.37 |
| 4500 GR ENCAPSULANT 3M 8882 | 2 | 26.8224000 | $53.64 |
| CYLINDER MAPP GAS 1 LB | 2 | 2.8512000 | $5.70 |
| TAPE VINYL E 2"X100" BK | 1 | 2.4816000 | $2.48 |
| TAPE ALUM B 2'x40' RL 93132 | 1 | 3.3686400 | $3.37 |
| TAPE UE 300 GA PRESSURE WRPG | 1 | 1.9219200 | $1.92 |
| BOND B SZ 3 CLAMP | 2 | 0.5808000 | $1.16 |

**MATERIAL SUB-TOTAL** $358.14

## CONTRACTOR

| CONTRACTOR NAME | AMOUNT |
|---|---|

**CONTRACTOR SUB-TOTAL** $0.00

## LOSS OF USE

| DESCRIPTION | QUANTITY | UNIT COST | # OF DAYS | AMOUNT |
|---|---|---|---|---|
| POTS LOCAL EXCHANGE | 700 | $2.07 | 1 | $1,449.00 |

**LOSS OF USE SUB-TOTAL** $1,449.00

## OTHER ITEMS

| DESCRIPTION | AMOUNT |
|---|---|

**OTHER ITEMS SUB-TOTAL** $0.00

**TOTAL TIME, MATERIAL, CONTRACTOR, LOSS OF USE, OTHER ITEMS** $24,304.56



**Grinnell Mutual Reinsurance Company**
Grinnell Select Insurance Company
4215 Highway 146
PO Box 790
Grinnell, IA 50112-0790
Phone 800-362-2041 or 641-269-8000

May 1, 2009

5195-0509135 A

IRENE ROBISON
AT & T
2115 HWY 471
BRANDSON  MS  39047

Our Claim Nos:   MN00104078 & MN00103839
Our Insured:     MORTENSEN CONST & UTILITY INC
Our Policy No:   0000205369
Loss Date:       02/12/2009
Claimant:        AT & T

Dear Ms. Robison:

We have completed our investigation concerning the incident that occurred on February 12, 2009.

From the information that is now in our file, we do not find our insured to be legally liable for your damages. We were informed by our insured that AT&T did not charge for repairing the two nicks. There has been no evidence presented to support that our insured is responsible for any other damages. Therefore, payment of any claim you may have is denied.

If you have any questions, please call me.

Sincerely,

*Margaret T. Armstrong*

Margaret Armstrong
Claims Adjuster
Phone: (800) 362-2041, Ext. 8277
Fax: (800) 892-2306
Email: marmstrong@gmrc.com

cc:  TINA E KILLEN
     MORTENSEN CONST & UTILITY INC



COPY

EXHIBIT
B

Subj: **Attn. Bill Jacob, Subject, Mortensen Construction**
Date: 5/18/2009 1:49:04 P.M. Central Daylight Time
From: alsup05@yahoo.com
To: sjandk@aol.com

This is to advise that after exhausting all avenues with Mortensen Construction's Insurance (Grinnell Mutual Reinsurance Company) and Mr. Dave Mortensen to try to solve Claim#BLST-67-200902-24-0070 with AT&T, we are paying said claim to AT&T in the amount of $24,304.56 today, Monday, May 18, 2009 as Richard Black advised Mr. Mortensen and his Insurance Company on Friday, May 15, 2009 that he would do if they had not satisfied this claim. This claim amount will be withheld from Mortensen Construction's funds today.

Sincerely,

Mary Alsup
Claims



EXHIBIT C

Monday, May 18, 2009 AOL: SJandK



**Grinnell Mutual Reinsurance Company**
**Grinnell Select Insurance Company**
4215 Highway 146
PO Box 790
Grinnell, IA 50112-0790
Phone 800-362-2041 or 641-269-8000

June 2, 2009

5195-0509135 A

WILLIAM B JACOB
SELF JACOB & KIERONSKI
PO BOX 949
MERIDIAN MS 39302-0949

Our Claim Nos:  MN00104078 AND MN00103839
Our Insured:    MORTENSEN CONST & UTILITY INC
Our Policy No:  0000205369
Loss Date:      02/12/2009
Claimant:       AT & T

Dear Mr. Jacob:

I am acknowledging receipt of your letter dated May 22, 2009. Please find enclosed a copy of the liability denial letter dated May 1, 2009 to AT&T. We are maintaining this position since no new and further evidence has been provided to us.

Sincerely,

*Margaret Armstrong*

Margaret Armstrong
Claims Adjuster
Phone: (800) 362-2041, Ext. 8277
Fax: (800) 892-2306
Email: marmstrong@gmrc.com

Enc: Letter dated May 1, 2009

cc:  TINA E KILLEN
     MORTENSEN CONST & UTILITY INC

EXHIBIT D

**SELF, JACOB & KIERONSKI, LLP**

ATTORNEYS AND COUNSELORS AT LAW
POST OFFICE BOX 949
MERIDIAN, MISSISSIPPI 39302-0949
Email: sjandk@aol.com

DANIEL P. SELF, JR.
WILLIAM B. JACOB
JOSEPH A. KIERONSKI, JR.

September 2, 2009

TELEPHONE 601-693-6994
FAX 601-483-4935
1010 19TH AVENUE, SUITE 10

Ms. Barbara Dunn
Circuit Clerk of Hinds County
Post Office Box 327
Jackson, Mississippi 39205

      RE:    Mortensen Construction & Utility, Inc. v. Grinnell Mutual Reinsurance Company
              County of Hinds County Court

Dear Ms. Dunn:

Enclosed please find the following:

1)    Our firm check in the amount of $120.00 for filing fee;
2)    Information Cover Sheet;
3)    Original and three (3) copies of Summons; and
4)    Original and two copies of Complaint.

This case should be filed in County Court. Please issue the Summons, file the Complaint in the Court file, stamp the copies "filed" and return the issued Summons and copies to this office in the enclosed stamped, self-addressed envelope.

Thanks.

Sincerely,

SELF, JACOB & KIERONSKI, LLP

*Carol*

CAROL H. DEZORT,
Legal Secretary

/cd
Enclosures